UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CV-217-BO

| | |
|---|---|
| SHANNON PARKER, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>K&L ENTERTAINMENT, INC., d/b/a THE GENTLEMEN'S PLAYHOUSE,<br><br>and<br><br>KRISHAN LAL,<br><br>    Defendants. | **DEFENDANTS'**<br>**MEMORANDUM IN SUPPORT OF**<br><br>**SECOND**<br>**MOTION TO DISMISS**<br>**FOR FAILURE TO STATE A CLAIM**<br>**FED. R. CIV. PRO. 12(b)(6)**<br><br>**IN THE ALTERNATIVE**<br><br>**MOTION FOR**<br>**SUMMARY JUDGMENT**<br>**FED. R. CIV. PRO. 12(d)** |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' SECOND MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

With the benefit of Defendants' initial Motion to Dismiss, *see* ECF Nos. 8 & 9,

Plaintiff Shannon Parker ("Parker") filed her First Amended Complaint ("FAC") to

further refine her legal theories and assert several new allegations to attempt to save

her claims from dismissal. *See* ECF Nos. 12 & 13. Parker's attempt is futile, however,

because her FAC still fails to allege sufficient facts to sustain a plausible claim that

Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Defendants K&L Entertainment, Inc. ("K&L Entertainment"), and Krishan

Lal ("Lal"; collectively "Defendants") respectfully renew their request for the Court to

dismiss Parker's claims. In the alternative, Defendants request that the Court enter

1

summary judgment in their favor. Under either disposition, the FLSA does not apply to Defendants. The Court should similarly decline to exercise supplemental jurisdiction to consider Parker's North Carolina state law claim.

## I. BACKGROUND[1]

In the light most favorable to Parker, she alleges that she worked as an exotic dancer from 2016 through about January 2019 at the Gentlemen's Playhouse night club, located at 200 Graham Street in Selma, North Carolina. *See* ECF. No. 13 ("FAC") at ¶¶ 14, 18, 26, 29. The Gentlemen's Playhouse is the advertised business name for K&L Entertainment, which operates as a bar featuring female dancers. *Id.* ¶ 17. Parker claims that she was one of a number of dancers whose duties were to perform for the club's patrons. *Id.* ¶ 25. Specifically, Parker performed "private and semi-private" exotic dances. *Id.* ¶ 55. Parker further contends that "Defendants were an enterprise engaged in commerce," and she speculates "on information and belief" that "said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000." *Id.* ¶¶ 24, 51.

Following Defendants' first Motion to Dismiss, Parker now alleges for the first time that unspecified "Plaintiffs" performed exotic dances while the club played music over the Internet. *Id.* ¶ 46; *cf.* ECF No. 1 (original Complaint) (lacking the allegations in FAC paragraphs 36-51). Likewise, Parker now alleges that Defendants served food

---

[1] Unless otherwise noted, the allegations referenced here are drawn from Parker's FAC, and they are discussed as if they were true for this motion. *See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). In the event that this case proceeds to discovery, Defendants intend to dispute many of the accusations in the FAC and deny the allegations of any violation of the law.

2

and drinks that were produced outside North Carolina, as well as sold merchandise like t-shirts that originated outside the state. *Id.* ¶¶ 36, 37, 38, 39.

According to Parker, Defendants erroneously concluded that she was an independent contractor, and thus, she claims, Defendants failed to pay her and other dancers the applicable minimum wage and misappropriated her tips. *Id.* at ¶¶ 35, 52, 85. Parker brings forth a federal claim based on the FLSA and a state law claim premised on North Carolina's Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6, *et seq. Id.*, ¶¶ 85, 86, 97, 98, 102.

Defendants previously submitted the federal income tax filings for K&L Entertainment for the calendar years 2015 through 2018. *See* Defendants' Exhibits B through E (ECF Nos. 8-2 to 8-5, respectively), which Parker incorporates here as if set forth *in toto*.[2] As these records demonstrate, K&L Entertainment never has met or exceeded gross sales of $500,000.00. The chart below summarizes those records.

**K&L Entertainment, Inc.**
**S-Corporation IRS Form 1120S Filing Information**

| Calendar Year | Gross Receipts or Sales |
| --- | --- |
| 2015 | $ 292,092.00 |
| 2016 | $ 381,923.00 |
| 2017 | $ 329,546.00 |
| 2018 | $ 403,366.00 |
| 2019 | < $ 500,000 (not yet filed) |

*See* Exhibits A (ECF No. 8-1) through E (ECF No. 8-5).

---

[2] Pursuant to Fed. R. Civ. Pro. 5.2(a), defense counsel has redacted the sensitive taxpayer-identification numbers that appear on these Exhibits, which are lodged on the Court's public docket. In all other respects, these documents are true and correct copies. *See* Exhibit A (Krishan Lal Declaration), ¶ 4.

3

## II.     STANDARD OF REVIEW

### A. Motion to Dismiss Standard Under Rule 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This plausibility standard does not equate to a probability requirement, but it does require more than a "sheer possibility" that a defendant actually committed the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In considering a Rule 12(b)(6) motion, the Court should accept as true the well-pleaded allegations in the plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Although a court must take all factual allegations as true for purposes of a Rule 12(b)(6) motion, the court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings that offer mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (internal citation and alterations omitted).

4

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court's "evaluation is . . . generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). However, a court may consider "a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* at 166; *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

**B. Summary Judgment Standard Under Rule 56.**

The Court may properly dismiss Parker's claims under Rule 12(b)(6). In the alternative, however, the Court may also reach the dispositive issues here on a motion for summary judgment. *See* Fed. R. Civ. Pro. 12(d). A court may grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden to show the court that there is an absence of a genuine issue concerning any material fact and the non-moving party must then show that there is "evidence from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 257. The Court must accept all of the

5

nonmoving party's evidence as true and must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See id*. at 255.

## III. LAW AND ARGUMENT

Parker's claims must be dismissed because she has not, and cannot, plausibly plead coverage of the FLSA over Defendants. Parker's FAC generically recites the elements of a cause of action without further factual enhancement. *Compare* FAC, ¶ 24 *with* 29 U.S.C. § 203(s)(1)(A)(ii). As such, the FAC does not plausibly state a claim for relief above the speculative level.

### A. Parker Cannot Establish "Enterprise Coverage" Over the Defendants Pursuant to the FLSA.

Parker's FAC fails because she cannot plausibly allege that Defendants satisfy the required minimum sales in excess of $500,000.00.

The FLSA extends minimum workplace protections to employees through their employer—typically called "enterprise coverage"—if the employer is an enterprise engaged in interstate commerce or the production of goods for commerce. *See* 29 U.S.C. §§ 203(s)(1)(A)(ii), 206(a) ("Minimum wage"). The FLSA requires all covered employers to compensate their employees at a rate not less than $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Plaintiffs seeking compensation based on FLSA claims have the initial burden of proving that the FLSA applies to an employer/employee relationship and that a plaintiff's activities in question constitute "employment" under the FLSA. *See Purdham v. Fairfax County School Bd.*, 637 F.3d 421, 427 (4th Cir. 2011); *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). Only once this threshold burden is met does the framework then shift to the employer to establish

6

whether one of the specific exemptions under the FLSA applies. *See Acosta v. At Home Pers. Care Servs., LLC*, No. 1:18-cv-549, 2019 U.S. Dist. LEXIS 65098, at \*20 (E.D. Va. Apr. 15, 2019); *Johnson v. City of Columbia*, 949 F.2d 127, 129-30 (4th Cir. 1991) (en banc).

The FLSA covers all employees at a firm if they are employed by "an enterprise in commerce." *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s)). In order for an enterprise to be "engaged in commerce" for FLSA purposes, it must have annual gross volume of sales made or business done in excess of $500,000.00. *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(ii)).

In her FAC, Parker broadly asserts that the FLSA applies here under a theory of enterprise coverage:

> At all times material to this action, ***Defendants were an enterprise engaged in commerce*** or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), ***in that said enterprise*** has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, ***and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.***

*See* FAC, ¶ 24 (emphasis added). Parker's FAC takes this language almost verbatim from the definition in 29 U.S.C. § 203(s)(1)(A)(ii). Because Parker merely recites the elements as they appear in the statute, without further pertinent information, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Parker offers only "'labels and conclusions' [and] 'a formulaic recitation of the elements of a cause of action.'" *Id.*

The allegations in paragraph 24 tender "'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal citation and alterations omitted). On this basis alone, the Court may properly disregard Parker's allegation. However, as K&L Entertainment's tax returns make clear, Parker cannot plausibly claim that the business made sales in excess of the minimum requirement for enterprise coverage.

In this case, K&L Entertainment does not meet the $500,000.00 minimum level of annual sales. To demonstrate that certainty, Defendants have submitted the tax returns of K&L Entertainment. *See* Exhibits A through E, previously lodged with the Court at ECF Nos. 8-1 through 8-5. As Defendants' gross receipts and sales are referenced explicitly in Parker's FAC, the attachment of income tax filings here does not require the conversion of this Motion into one for summary judgment. *Goines*, 822 F.3d at 166 (explaining that documents submitted by a movant, but not attached to a complaint, may be considered where the document is integral to the complaint and authentic).

Krishan Lal's Declaration establishes that the attached tax filings are authentic because the Exhibits are the actual documents prepared and submitted to the IRS by an outside accountant. *See* Exhibit A, ¶¶ 3-4; *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512-13 (4th Cir. 2018) ("At the motion to dismiss stage, documents attached to a motion to dismiss need not be accompanied by a formal declaration authenticating them."). The tax filings are integral to Parker's FAC because her assertions about K&L Entertainment's gross sales form the basis of

8

enterprise coverage for her FLSA claim. *See* FAC, ¶ 24; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a document is "integral to the complaint" "where the complaint relies heavily upon its terms and effect" (internal quotation marks omitted)).

In response to Defendants' argument in the first round of briefing, Parker now alleges "upon information and belief" that Defendants had "an annual gross volume of sales not wholly reflected in Defendants' tax returns" because of "unrecorded cash payments." *See* FAC, ¶ 51. This speculative allegation is directly rebutted by the sworn declarations. *See* ECF Nos. 8-1, ¶ 4 (noting the tax returns here are "true and correct copies"); 8-2 at 2 ("Part II: Declaration" attesting under penalty of perjury that the income tax statements are "true, correct, and complete"); 8-3 at 2, 8-4 at 2, 8-5 at 2 (same); *cf. Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the ***bare allegations*** of the compliant and any exhibit attached … , ***the exhibit prevails***.") (emphasis added).

Courts throughout this Circuit and others acknowledge that tax return documents competently demonstrate the failure of FLSA claims in the absence of the minimum required sales. For instance, *Russell v. Cont'l Rest., Inc.*, involved FLSA allegations against a restaurant in Maryland. 430 F. Supp. 2d 521, 523 (D. Md. 2006). Like Defendants here, the employer responded by filing a motion to dismiss under Rule 12(b)(6) and attached the relevant tax returns. *Id*. at 524. Even at that early stage in the litigation, the court determined the returns to be conclusive, holding that "[i]n light of the evidence presented by Defendants, this Court finds Defendants have

9

established that the restaurant does not meet the FLSA 'enterprise' standard." *Id.* at 524. The court rejected the plaintiff's argument that it was premature to make a dispositive finding with respect to the gross volume of sales, holding that "discovery on this matter would not lead to any genuine issues of fact …." *Id.*

The rationale in *Russell* is in accord with several other persuasive cases. *See, e.g.*, *Velasquez v. Salsas & Beer Rest., Inc.*, No. 5:15-CV-146-D, 2017 U.S. Dist. LEXIS 162672, \*11-\*15 (E.D.N.C. Sept. 28, 2017) (Dever, J.), *affirmed on alternative disposition*, 735 Fed. Appx. 807 (4th Cir. 2018) (unpublished); *Bellows v. Darby Landscaping*, Civil No. WDQ-15-885, 2016 U.S. Dist. LEXIS 7416, \*13 (D. Md. Jan. 21, 2016) ("Courts in this District--and elsewhere--rely on income tax records to determine whether the $500,000 gross revenue requirement under 29 U.S.C. § 203(s)(1)(A) is met."); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011) (a plaintiff cannot rely on "***conjecture and speculation***" to establish enterprise coverage) (emphasis added); *Cordero v. Red Grouper, Inc.*, 2008 WL 1781158, \*1 (M.D. Fla. Apr. 17, 2008) (finding tax returns to be dispositive over the issue of whether an enterprise's sales volume satisfies the threshold requirements of the FLSA, and denying limited discovery).[3] In the face of conclusive evidence that K&L Entertainment does not meet the minimum sales threshold, Parker asks this

---

[3] *See also Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1249, 1355-56 (S.D. Fla. 2008)(collecting cases); *Thompson v. Robinson, Inc. et al.*, 2007 WL 2714091, \*4 (M.D. Fla. Sept. 17, 2007) ("There is case law that the total sales or business done by an enterprise should be determined from its income tax returns.").

10

Court to engage in futile conjecture. *Bellows,* 2016 U.S. Dist. LEXIS 7416, at \*14 ("[Plaintiff's] speculation is insufficient to rebut [defendant's] tax returns).

Even with Parker's naked allegations, a ruling in favor of Defendants on a summary judgment rationale would nevertheless be proper. *Velasquez v. Salsas & Beer Rest., Inc.,* 735 Fed. Appx. 807, 809 (4th Cir. 2018) (unpublished) ("Nevertheless, we affirm the district court's judgment on the basis of its alternative disposition. In concluding that Velasquez failed to prove an element of his claim, the district court relied on material outside of the pleadings, and therefore the alternative ruling constitutes a sua sponte entry of summary judgment for Defendants.").

Because K&L Entertainment's gross volume of sales made or business done is well below $500,000.00, this night club does not satisfy the annual volume of sales requirement. *See* 29 U.S.C. §203(s)(1)(A)(i). Therefore, Parker cannot plausibly plead—let alone establish—that Defendants are subject to the FLSA under the enterprise coverage standard. Parker's FLSA claim fails on this ground.

**B. Parker Cannot Claim "Individual Coverage" under the FLSA.**

Because the FAC cannot establish enterprise coverage, Parker now inserts several new allegations to assert individual coverage. *See* ECF No. 14 at 3 ("[T]he amended complaint pleads additional facts which show how the Plaintiffs were individuals engaged in commerce"). This tactic likewise fails.

For this second basis of FLSA coverage, the issue is whether Parker was directly "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207(a)(1). To determine whether an employee performed such work, a court

must focus on the activities of ***the employee***, not on the business of the employer. *See Mitchell v. Lublin McGaughy and Assocs.*, 358 U.S. 207, 211 (1959); *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006). The employee's activities that constitute commerce must be "regular and recurring," as activities that are "isolated, sporadic, or occasional" are insufficient to result in coverage. *Rains v. E. Coast Towing & Storage, LLC*, 820 F. Supp. 2d 743, 747 (E.D. Va. 2011).

Furthermore, when the activities are "related to interstate instrumentalities or facilities," a court must determine "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Mitchell*, 358 U.S. at 212. This strict requirement effects the legislative "purpose to leave local business to the protection of the states." *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 570 (1943); *Mitchell*, 358 U.S. at 211 ("Congress, by excluding from the Act's coverage employees whose activities merely 'affect commerce,' indicated its intent not to make the scope of the Act coextensive with its power to regulate commerce.").

Two district court decisions within the Fourth Circuit are instructive in analyzing whether Parker herself was "engaged in commerce." In *Russell v. Cont'l Rest., Inc.*, a waitress at a local restaurant brought FLSA and Maryland wage law claims against her employer, and the District of Maryland held that the plaintiff was "not engaged in commerce." 430 F. Supp. 2d 521, 524 (D. Md. 2006). The *Russell* court found that the waitress did not plausibly allege that she was engaged in commerce based on allegations of (1) communicating across state lines to vendors and

12

customers, and (2) handling produce that "moved in interstate commerce." *Id*. at 525-

26. In *Rains v. E. Coast Towing & Storage, LLC*, a tow truck driver brought a FLSA

action against a towing company, and the Eastern District of Virginia held that the

driver did not qualify for FLSA coverage as an individual employee. 820 F. Supp. 2d

743, 746 (E.D. Va. 2011). The *Rains* court found that towing vehicles between private

lots within the state "was a local pursuit, rather than directly and vitally related to

... interstate commerce." *Id*.

Here, Parker lives in North Carolina, and she worked as a dancer at a night

club in the same state. She does not allege that any of her job responsibilities required

her to cross state lines. Thus, her own movements do not constitute interstate

commerce. *Rains*, 820 F. Supp. 2d at 746. Like the waitress in *Russel*, Parker alleges

that unspecified "Plaintiffs" handled and sold merchandise, such as t-shirts,

originating from outside North Carolina. *See* FAC ¶ 48. Although Parker's work may

have had an "effect" on interstate commerce, the FAC reveals that she engaged in a

purely local activity. "Supreme Court precedent has distinguished employees who

handle goods for a wholesaler and move these goods interstate from those who handle

goods after an employer acquires the goods for local disposition." *Russell*, 430 F. Supp.

2d at 526 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)). "FLSA provides

protections [only] for the former group … not for the latter." *Id*. "Even if the goods

had traveled in interstate commerce [the plaintiff] did not engage in commerce,

because the FLSA 'does not include goods after their delivery into the actual physical

possession of the ultimate consumer.'" *Reagor v. Okmulgee Cty. Family Res. Ctr., Inc.*,

501 F. App'x 805, 810 (10th Cir. 2012) (quoting 29 U.S.C. § 203(i)); *see also Bellows v. Darby Landscaping*, Civil No. WDQ-15-885, 2016 U.S. Dist. LEXIS 7416, *9-*12 (D. Md. Jan. 21, 2016). Thus, even if Parker handled goods that originated out of state—like drinks or t-shirts—those actions are incidental to her exotic dance performances in a night club. Her dances are not "vitally related to the functioning of" interstate commerce, and are rather "isolated, local activity." *Mitchell*, 358 U.S. at 212.

Parker also alleges, for the first time, that the night club plays music over the Internet while unspecified "Plaintiffs" performed. *See* FAC at ¶ 46-47. These belated additions appear calculated to rely on *Foster v. Gold & Silver Private Club, Inc.*, No. 7:14-CV-698, 2015 U.S. Dist. LEXIS 165217 (W.D. Va. Dec. 9, 2015). In *Foster*, the Western District of Virginia held that individual coverage existed for a group of exotic dancers—who offered competent proof at summary judgment—that their employer required the dancers to stream music over the Internet via a subscription to Rhapsody.com. *Id.* at *14-*16. In so ruling, the *Foster* court simply reasoned that "[i]t is well-settled that '[t]he internet is an instrumentality of internet commerce.'" *Id.* (citing *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004), and *AvePoint Inc. v. Power Tools, Inc.*, 981 F. Supp. 2d 496, 512 (W.D. Va. 2013)). Respectfully, *Foster* errs, and the Court should not employ such automatic reasoning at the 12(b)(6) stage for several reasons.

First, assuming Parker actually did select the club's music, *Foster* offers no persuasive rationale why this electronic dissemination should be analyzed any differently from physical goods that employees handle on behalf of merchants.

14

*Compare Foster*, 2015 U.S. Dist. LEXIS 165217, at \*15 *with Russell*, 430 F. Supp. 2d at 526 ("Plaintiff's handling of [restaurant] produce that may or may not have out-of-state origins does not demonstrate that Plaintiff was engaged in interstate commerce."); *see also Dean v. Pac. Bellwether, LLC*, 996 F. Supp. 2d 1044, 1049 (D. N. Mar. I. Feb. 6, 2014) ("For use of communication channels to constitute commerce, the use usually must involve 'the actual *movement* of persons or things in interstate commerce.'") (emphasis in original).

Second, the new allegations here—that dancers chose music for the club to play—do not even rise to the level of a transaction like the merchandise that Parker allegedly sold in the club. *See* FAC, ¶ 48; *see also Russell*, 430 F. Supp. 2d at 525 ("It is also clear that communications with vendors and processing of credit card payments do not bring Plaintiff's claim within the ambit of the FLSA.").

Third, Parker's vague allegations are readily distinguishable from the facts in *Foster* where the club maintained a subscription plan with the business Rhapsody.com, which the dancers were required to use. *Foster*, 2015 U.S. Dist. LEXIS 165217, at \*3. The FAC does not offer any factual information for the Court to infer that by selecting music Parker actually engaged in any sort of purchase or acquisition of music rights—as opposed to playing a song that the club already owned and stored on its computer server, which just happened to be located out of state.

In short, by picking a song Parker "did not attempt to buy goods online. She did not attempt to sell goods online. She did not even attempt to contact people online. Lacking any actual or prospective movement of goods, the commerce requirement is

15

not satisfied." *Dean,* 996 F. Supp. 2d at 1049-50 (holding that a cook did not qualify for FLSA individual coverage by downloading recipes over the Internet to develop new dishes for her restaurant-employer). Based on the FAC, indulging Plaintiff's theory for a dancer in a nightclub would contravene Congress' "purpose to leave local business to the protection of the states," *Walling*, 317 U.S. at 570, a concern which other courts recognize.

> By Plaintiffs' logic, any employee who ever saved a document to ICloud or ever uploaded a document to the internet would come under the FLSA's protection for having "moved" information across state lines. Without binding authority to say otherwise, the Court finds this allegation too vague to support a finding of individual coverage under the FLSA.

*Katz v. DNC Servs. Corp.*, Civil Action No. 16-5800, 2018 U.S. Dist. LEXIS 17002, *15 (E.D. Penn. Feb. 1, 2018). The logic of *Dean* and *Katz*—which considers the diverse ways that employees actually use the Internet today—better reflects technology's evolution than the automatic rationale of *Foster*. Selecting background music is an isolated, local activity insufficiently connected to interstate commerce. Individual coverage under the FLSA cannot arise on these allegations, and Parker's claim should be dismissed.

**C. The Court Should Dismiss Parker's state law claim.**

The Court should decline to exercise supplemental jurisdiction for Parker's state law claim. All the parties here are North Carolina citizens. *See* FAC, ¶¶ 12, 14, 17, 19. The Court thus lacks diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Clark v. Velsicol Chem. Corp.*, 944 F.2d 196, 197 (4th Cir. 1991). Nonetheless, the Court could exercise supplemental jurisdiction over Parker's NCWHA claim. *See* 28 U.S.C. §

1367(a). However, because the Court should dismiss Parker's only federal claim, then it should also decline to exercise supplemental jurisdiction over Parker's NCWHA claim. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001). In doing so, the Court may dismiss Parker's state law claim without prejudice, particularly since an alternative forum exists in state court which may competently handle that matter.

## IV.    CONCLUSION

For all these reasons, Defendants respectfully request that the Court enter an order dismissing Parker's claims with prejudice pursuant to Rule 12(b)(6), or in the alternative, to enter summary judgment in favor of Defendants pursuant to Rule 12(d). Parker does not offer sufficient factual information to plead that Defendants are plausibly subject to the FLSA.

Respectfully submitted, on August 25, 2020,

**LAW OFFICE OF**
**JOHN P. O'HALE, P.A.**

/s/ John P. O'Hale
John P. O'Hale
N.C. Bar Number 6794
P.O. Box 2383
Smithfield, N.C. 27577
(919) 934-6021
kim@jackohale.com

**GAMMON, HOWARD, &**
**ZESZOTARSKI, PLLC**

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
N.C. Bar Number 21310
115 ½ West Morgan Street
Raleigh, N.C. 27601
(919) 521-5878
jzeszotarski@ghz-law.com

Counsel for Defendants

17

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing MEMORANDUM through the electronic service function of the Court's electronic filing system, as follows:

Jason S. Chestnut
N.C. Bar Number 52066
GIBBONS LEIS, P.L.L.C.
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
(704) 612-0038
Jason@GibbonsLeis.com

Respectfully submitted,

**LAW OFFICE OF JOHN P. O'HALE, P.A.**

/s/ John P. O'Hale
John P. O'Hale
N.C. Bar Number 6794
P.O. Box 2383
Smithfield, N.C. 27577
(919) 934-6021
kim@jackohale.com

Dated:          August 25, 2020.

18