IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-217-BO

SHANNON PARKER, on behalf of herself )
and all others similarly situated, )
)
Plaintiff, )
)
v. ) O R D E R
)
K&L ENTERTAINMENT, INC, d/b/a THE )
GENTLEMEN'S PLAYHOUSE and )
KRISHAN LAL, )
)
Defendants. )

This cause comes before the Court on defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). For the reasons that follow, defendants' motions to dismiss are denied.

## BACKGROUND

Plaintiffs were exotic dancers at defendant K&L Entertainment's strip club, Gentlemen's Playhouse in Selma, North Carolina. Am. Compl. ¶ 26. Defendant Lal was the primary owner and managing officer of defendant K&L Entertainment, Inc. *Id.* ¶ 20. He individually supervised, managed, and dictated the day-to-day operation of the Gentlemen's Playhouse, and he had the authority to fire, hire, and administer employment-related discipline to plaintiffs. *Id.* Plaintiffs claim that defendants had a systematic, company-wide policy, pattern, or practice of misclassifying employees as "independent contractors." *Id.* ¶ 1. Plaintiffs seek unpaid minimum wages, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties

and damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as well as payment of all earned, accrued, and unpaid wages and other appropriate relief under the North Carolina Wage and Hour Act (NCWHA). N.C. Gen. Stat. § 95-25.6. *Id.* ¶ 1–2.

## DISCUSSION

Defendants filed an initial motion to dismiss for failure to state claim upon which relief can be granted or, in the alternative, motion for summary judgment on July 20, 2020. Subsequently, plaintiffs filed an amended complaint by matter of course under Federal Rule of Civil Procedure 15(a) that pleaded additional facts alleging that plaintiffs were engaged in commerce within the scope of the FLSA and stating how the defendants were an enterprise engaged in commerce as defined by the FLSA. An amended pleading supersedes the original pleading and strips it of its legal effect. *Young v. City of Mount Ranier*, 283 F. 3d 567, 573 (4th Cir. 2001). Defendants' first motion to dismiss is thus denied as moot.

Defendants filed a second motion to dismiss for failure to state claim upon which relief can be granted or, in the alternative, motion for summary judgment on August 25, 2020. To survive a motion to dismiss, a complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should

accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

A movant is entitled to judgment as a matter of law if "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and fact is material if it might affect the outcome of the suit under the governing law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotations and alterations omitted). Once the moving party meets its initial burden under Rule 56(c), to survive summary judgment, the nonmoving party must provide sufficient evidence to demonstrate that there is a genuine issue of material fact for trial. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In determining whether a genuine issue of material fact exists for trial, a court must view the evidence in the light most favorable to the nonmoving party unless the nonmovant's version of events is "blatantly contradicted" by the record. *Id.* Moreover, "a mere scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotations omitted).

In its motion, defendants argue that plaintiffs' claims must be dismissed because the FLSA does not apply to defendants. Employment may be covered under the FLSA pursuant to either enterprise coverage or individual coverage. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, n. 8 (1985). An employee is entitled to the minimum wage and maximum hour provisions of the FLSA if he or she is employed by "an enterprise engaged in commerce or in the production of goods for commerce." *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 513 (1973) (citing 29 U.S.C. §§ 206(a), 207(a)). In order to meet this definition, an employer must have "employees engaged in commerce or in the production of goods for commerce" and have an annual volume of

sales made or business done of $500,000 or more. 29 U.S.C. § 203(s)(1)(a). An employee is entitled to those same FLSA protections through individual coverage for any workweek during which he or she "is engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a).

First, defendants argue that K&L Entertainment, Inc. does not satisfy the required minimum sales in excess of $500,000 for enterprise coverage. In support of this assertion, defendants attach the tax returns of K&L Entertainment from 2015 to 2018. defendants have not included tax returns for 2019, although the relevant period in this case extends into 2019.

This Court does not consider the tax returns submitted by defendants in its decision on the motion to dismiss. A court's evaluation is generally limited to a review of the allegations of the complaint itself, and thus excludes extrinsic evidence. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.2d 159, 165–66 (4th Cir. 2016). Documents beyond the complaint itself that will be examined for a motion to dismiss are those that are explicitly incorporated in to the complaint by reference or attached as exhibits and documents that are integral to the complaint. *Id.* at 166; *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). A document is integral to the complaint if the plaintiff relies on the document in the complaint and does not challenge its authenticity. *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Here, the tax returns presented by defendants are not integral to the complaint and are not even referenced in plaintiffs' complaint. Furthermore, plaintiffs challenge the authenticity of those tax returns.

Without considering the tax returns in defendants' motion, the Court finds that plaintiffs properly allege that defendants make at least $500,000 per year in gross revenue and that plaintiffs' FLSA claim survives defendants' motion to dismiss. Specific information regarding a business's

4

gross revenue will be largely unknown to plaintiff but known to defendant. Therefore, "bare bones allegations are acceptable for 'enterprise coverage,' and it is best that discovery proceed." *Farrell v. Pike*, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004). By alleging in its complaint that "the total revenue, including unrecorded cash sales and other transactions at Defendants' club exceeded $500,000 in each relevant year," plaintiffs have satisfied the motion to dismiss pleading standard and the plaintiffs' FLSA claim will be allowed to continue. Am. Compl. ¶ 51.

In the alternative, this Court finds that defendants' motion for summary judgment must be denied because there is a material dispute of fact regarding whether defendants have revenue in excess of $500,000. Plaintiffs have included a sworn declaration testimony providing that defendants made annual gross revenues exceeding $500,000. Plaintiffs cannot further address defendant's claim without a discovery period, and plaintiffs intend to employ the services of a certified fraud examiner to conduct a forensic investigation of an accurate accounting of defendants' gross revenues. For these reasons, defendants' motion for summary judgment is denied. Fed. R. Civ. P. 56(d) (stating that a court may deny the motion a motion for summary judgment "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"); *see Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 250 (4th Cir. 2018).

Second, defendants argue that plaintiffs cannot claim individual coverage under the FLSA because plaintiffs were not directly "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a). In the amended complaint, plaintiff Parker alleges that she and other dancers were engaged in interstate commerce because they were so vitally related to the functioning of defendants' business operations; that they regularly performed to music streamed over the internet from outside the state from providers and services based outside of the

state; that at times they played and operated the out-of-state music being streamed; that they would sell merchandise created outside the state; and that they purchased stage attire, makeup, and shoes for their performances that had traveled though interstate commerce and were manufactured outside the state. Am. Compl. ¶¶ 45-49. In determining whether an employee can claim individual coverage under the FLSA, "[t]he test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Mitchell v. C. W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). This clause applies to every employee engaged in the "channels of interstate commerce," but not those who merely affect commerce. *McLeod v. Threlkeld*, 319 U.S. 491, 493-94 (1943). In other words, whether an employee is engaged in commerce is ultimately measured by the cumulative effect of the employee's total activities on interstate commerce. *See Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207 (1959).

This Court finds that plaintiffs have shown that they are engaged in interstate commerce and therefore qualify for individual coverage under the FLSA. The internet is an instrumentality of interstate commerce that Congress may regulate. *United State v. Konn*, 634 Fed. Appx. 818, 821 (2d Cir. 2015); *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004). Thus, the fact that the dancers used music from out-of-state streamed from online services located out-of-state is sufficient to show that plaintiffs were engaged in the channels of interstate commerce. *Foster v. Gold & Silver Private Club, Inc.*, No. 7:14CV00698, 2015 U.S. Dist. LEXIS 165217, at *15 (W.D. Va. 2015) (holding that the plaintiffs qualified for individual coverage under the FLSA when it was "clear from the record that the Club's dancers [were] required to regularly use the internet to perform the dances that they [were] hire to perform"); *Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-60754, 2017 U.S. Dist. LEXIS 125945, at *9 (W.D. Ark. 2017) ("Whether on

6

stage or providing a private dance, dancers are hired by the Club to dance, and music is an indispensable part of a dancer's work. The music regularly streamed over the Internet while Plaintiffs performed . . . is sufficient for individual coverage for each of the Plaintiffs in this action."). Defendants' motion is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' first motion to dismiss or, in the alternative, motion for summary judgment is DENIED as MOOT [DE 8] and defendants' second motion to dismiss or, in the alternative, motion for summary judgment is DENIED [DE 15].

SO ORDERED, this 23 day of October, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE