IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-217-BO

SHANNON PARKER, on behalf of herself )
and all others similarly situated, )
)
               Plaintiff, )
)
v. )               O R D E R
)
K&L ENTERTAINMENT, INC, d/b/a THE )
GENTLEMEN'S PLAYHOUSE and )
KRISHAN LAL, )
)
               Defendants. )

This cause comes before the Court on plaintiffs' motion for notice to potential plaintiffs and for conditional certification. Defendants have responded in opposition, and the matter is ripe for disposition. For the reasons that follow, plaintiffs' motion for notice to potential plaintiffs and for conditional certification is granted.

## BACKGROUND

Plaintiff was employed at defendant K&L Entertainment's strip club, Gentlemen's Playhouse, in Selma, North Carolina as an exotic dancer from 2016 through January 2019. DE 27 ¶ 2. At least forty other women were employed as exotic dancers at Gentlemen's Playhouse during this period. *Id.* ¶ 3. Defendant Krishan Lal was the primary owner and managing officer of defendant K&L Entertainment, Inc. Am. Compl. ¶ 20. He individually supervised, managed, and dictated the day-to-day operation of the Gentlemen's Playhouse, and he had the authority to fire, hire, and administer employment-related discipline to plaintiffs. *Id.* Plaintiffs claim that defendants had a systematic, company-wide policy, pattern, or practice of misclassifying employees as

"independent contractors." *Id.* ¶ 1. Plaintiffs seek unpaid minimum wages, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as well as payment of all earned, accrued, and unpaid wages and other appropriate relief under the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 95-25.6.

On November 5, 2020, plaintiffs filed the instant motion seeking conditional certification and Court-supervised notice to all current and former exotic dancers who worked for defendants at defendants' strip club during the period of May 2017 to the present. Plaintiffs request that the Court order defendants to provide plaintiffs with the names; last known addresses; home and cellular phone numbers; work and personal email addresses; and the names and URLs to the Facebook, Instagram, Twitter, WhatsApp, WeChat, SnapChat, and TikTok pages of those individuals who worked for defendants as exotic dancers at the Gentlemen's Playhouse strip club at any time between May 2017 through the present, as known. Plaintiffs ask that the Court authorize notice to be immediately issued by first class mail, electronic mail, text message, and social media and posted on defendants' Facebook and other social media pages and in the common areas of Gentlemen's Playhouse for the entirety of the opt-in period. Plaintiffs also seek permission to publish notice through local publication, radio advertisement, Facebook advertisement, or television commercial, at their own cost. Finally, plaintiffs ask for the Court to impose an extended opt-in period of 120 days while plaintiff pursues records not in defendants' possession through subpoena.

## DISCUSSION

The FLSA expressly allows employees to maintain a collective action for, *inter alia*, "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring

2

Case 5:20-cv-00217-BO   Document 34   Filed 12/21/20   Page 2 of 7

a collective action under the FLSA, the putative plaintiffs must satisfy two requirements: (1) they must establish they are "similarly situated" and (2) they must affirmatively consent to the named plaintiff's class representation. *Id.* As to the question of whether the putative plaintiffs are "similarly situated," the Court applies a two-step approach. *See Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003).[1]

At the first, "notice" step of the process, the Court determines whether the plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to warrant notice being given to allow potential plaintiffs to opt-in and to proceed as a collective action through discovery; at this initial stage, a lenient standard applies. *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) ("Because the court has minimal evidence, this determination is made using a fairly lenient standard.") (internal quotation and citation omitted); *see also Dearman v. Collegiate Hous. Servs., Inc.*, No. 517CV00057RJCDCK, 2018 U.S. Dist. LEXIS 54692, at *2 (W.D.N.C. Mar. 30, 2018). The focus is on whether the plaintiffs and potential opt-in plaintiffs will be "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *De Luna-Guerrero v. N. Carolina Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (quotation and citation omitted). If the Court finds the plaintiff and potential opt-in plaintiffs sufficiently similarly situated to warrant issuing notice of the collective action, the Court will conditionally certify the collective action.

The second step of the two-step approach has been described as follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base

---

[1] This Court has previously found the two-step approach to determining whether putative plaintiffs are "similarly situated" to be "rational, fair, and supported by sufficient persuasive case law" and therefore applies it here. *See Ceras-Campo v. WF P'ship*, No. 5:10-CV-215-BO, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011); *see also Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2016 WL 1703351, at *2 (E.D.N.C. Apr. 27, 2016).

3

its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-*i.e.* the original plaintiffs-proceed to trial on their individual claims.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

Plaintiffs have satisfied their burden at this first step to show that she and the other exotic dancers are similarly situated and that providing notice to the potential opt-in plaintiffs is appropriate. The inquiry at this step is simply whether the plaintiffs are similarly situated "with respect to their allegations that the law has been violated." *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 305 (W.D.N.C. 2013) (quotation and citation omitted). The allegations in the complaint as well as the declaration of the named plaintiff, Shannon Parker, detail the experiences of exotic dancers at defendants' strip club, the defendants' common policies or plans, and the same legal violations. The complaint and the declaration show that plaintiff and other individuals worked for defendants as exotic dancers, plaintiff performed the same or similar job duties as other exotic dancers while employed by defendants, defendants misclassified plaintiff and all other exotic dancers employed by defendants as independent contractors rather than employees, defendants failed to pay plaintiff and the other exotic dancers wages for hours of work because of the class-wide misclassification, and that plaintiff and the other exotic dancers are owed FLSA minimum wage compensation for hours worked while employed by defendants. *See* Parker Decl. ¶¶ 8–11, 16–17, 31 (stating that all exotic dancers performed private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set by defendants; defendants did not pay any exotic dangers wages for hours worked and misclassified dancers as independent contractors; and plaintiff and other exotic dancers are owed unpaid wages).

4

Plaintiff's evidence and allegations are further sufficient at this stage to support their contention that defendants engaged in a common or uniform policy with regard to the putative collective action members. Conditional certification and notice to all individuals in the same job category is warranted when employers make across-the-board decisions to treat a category of employees in a manner violative of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 215 (D. Mass. 2001); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 370 (S.D.N.Y. 2007). Plaintiffs have alleged and provided evidence of a common policy by defendants to treat all exotic dancers as independent contractors, rather than employees. This is sufficient to conditionally certify the collective action.

District courts have discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). Potential plaintiffs must obtain accurate and timely notice of the collective action so that they can make an informed decision whether to participate. *Id.* at 170. Plaintiffs ask that the Court authorize notice to be issued by first-class mail, electronic mail, text message, and social media and posted on defendants' Facebook and other social media pages and in the common areas of Gentlemen's Playhouse for the entirety of the opt-in period. Plaintiffs also seek permission to publish notice through local publication, radio advertisement, Facebook advertisement, or television commercial, at their own cost. Finally, plaintiffs ask for the Court to impose an extended opt-in period of 120 days while plaintiff pursues records not in defendants' possession through subpoena. This Court finds that these requests are appropriate because of defendants' own claim that they are unable to substantially comply with the requested relief because they do not possess the records that plaintiffs seek. While notice by first-class mail is sufficient in some cases, it is not sufficient in

this case, where defendants themselves contend that they do not possess relevant contact information, which will likely make notice in this case more difficult. Social media has become a primary method of communication and organization for many individuals and is therefore an effective means of informing potential plaintiffs of the collective action in a timely manner. *Weinstein v. 440 Corp.*, 2:10-cv-105-RWS, 2019 U.S. Dist. LEXIS 190678, at *13–14 (N.D. Ga. Nov. 4, 2019). Posting notice in the strip club is also appropriate, and defendants have not objected to this form of notice. *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CIV. 8629 KPF, 2013 U.S. Dist. LEXIS 132777, at *9 (S.D.N.Y. Sept. 16, 2013) (noting that courts have routinely approved posting of notice on common employee spaces).

Defendants request that the notice be modified to advise potential opt-in plaintiffs that they will be subject to discovery obligations, including the duty to divulge personal information in response to defendants' interrogatories and to appear and be deposed under oath. Plaintiffs do not oppose this request in their reply. The Court finds this request consistent with its duty to facilitate notice such that plaintiffs can make an informed decision on whether or not to join the class action. *Hoffmann-La Roche*, 493 U.S. at 170. Advising potential plaintiffs of their responsibilities will only allow individuals to make a more informed decision on the costs and benefits of joining this action, as well as potentially reduce the likelihood of any discovery disputes that require Court resolution.

Accordingly, the Court has determined that plaintiffs have satisfied their step one burden and that notice pursuant to 29 U.S.C. § 216(b) should issue.

## CONCLUSION

Plaintiffs' motion for Court-authorized notice pursuant to 29 U.S.C. § 216(b) [DE 26] is GRANTED. The collective action is conditionally certified and notice is hereby authorized to

individuals who worked as exotic dancers at the Gentlemen's Playhouse strip club at any time between May 2017 and the date of final judgment in this action. Defendants are hereby ORDERED to produce a computer readable list of the names; last known addresses; home and cellular phone numbers; work and personal email addresses; and the names and URLs to the Facebook, Instagram, Twitter, WhatsApp, WeChat, SnapChat, and TikTok pages of those individuals who worked for defendants as exotic dancers at the Gentlemen's Playhouse strip club at any time between May 2017 through the date of final judgment in this action. Plaintiffs shall distribute their proposed notice, consent to join form, and reminder in accordance with the notice plan described in their memorandum in support of the motion for Court-authorized notice pursuant to 29 U.S.C. § 216(b) and their reply motion to defendants' opposition to plaintiffs' motion, with an additional advisement to potential opt-in plaintiffs that they will be subject to discovery obligations.

SO ORDERED, this 20 day of December, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE